UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEY OLEGOVICH VYAZHEVICH (A-Number: 070-323-485),<br>Petitioner,<br>v.<br>DEPARTMENT OF HOMELAND SECURITY IMMIGRATION,<br>Respondent. | Case No. 1:26-cv-6089-TLN-JDP<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Sergey Olegovich Vyazhevich was ordered removed from the United States in 2014, subsequently released on an order of supervision that same year, and re-detained by ICE in 2025. Petitioner, proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241, claiming that his re-detention violates the Fifth Amendment. For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

**Background**

Petitioner entered the United States as a refugee from the U.S.S.R. in 1989 and subsequently became a legal permanent resident. ECF No. 6-2 at 3. Petitioner has an extensive criminal history, including multiple convictions in 2006 and 2010 for felony grand theft and obtaining property in return for worthless checks. ECF No. 6-3 at 5-66. In February 2014, petitioner was ordered removed to Russia; his applications for asylum, withholding of removal,

and deferral of removal were denied. ECF No. 6-8.

Petitioner alleges that Russia declined to issue him a travel document in March 2014. ECF No. 11 at 3. To corroborate that allegation, petitioner has submitted what he represents is a page from a filing made by the government in another habeas action involving him; this document states that "[o]n March 18, 2014, the Consulate of Russia denied travel documents for Petitioner." *See id*. at 18. I allowed the government to address this allegation and evidence in a supplemental brief. In that brief, the government has not contested either assertion and, instead, has argued only that "that historical episode does not control now." *See* ECF No. 14 at 2. Because petitioner's allegation is uncontested, I find that, in March 2014, Russia declined to issue a travel document to petitioner.

Petitioner was released in March 2014 on an order of supervision. ECF No. 6-9 at 1. While on supervised release, petitioner continued to come into contact with law enforcement. In 2017, he was convicted of felony uttering a forged check and grand theft; in 2018, he was convicted of resisting an officer; in 2023, he was convicted of grand theft; in 2024, he was convicted of driving under the influence and other traffic violations; and in 2025, he was convicted of a probation violation. ECF No. 6-3 at 6-7, 55-66.

On October 21, 2025, petitioner was re-detained by ICE. ECF No. 1 at 2; ECF No. 6 at 5. The government represents that although it "has acted with diligence in attempting to obtain a travel document to effectuate [petitioner's] removal to Russia, . . . petitioner has failed to comply with repeated requests for assistance in completing travel document request paperwork." *Id*. Specifically, petitioner refused to comply with completing and/or signing paperwork on four occasions between March 2026 and July 2026. *Id*. at 6. Consequently, on July 8, 2026, petitioner was issued a notice of failure to comply that stated that he would not be released from ICE custody because he had not complied with his "obligation to assist in obtaining a travel document." ECF No. 6-15. Petitioner, for his part, does not contest the government's representations and, in fact, has stated that he will continue to refuse to comply because he is not a citizen of Russia and fears removal there. ECF No. 11 at 12-13.

Petitioner, originally re-detained in Florida, initiated two habeas actions in the United States District Court for the Middle District of Florida. The first action was filed in January 2026 and dismissed without prejudice in February 2026. *Vyazhevich v. Warden*, No. 3:26-cv-0032-WWB-MCR (M.D. Fla. 2026). The second action was filed in March 2026 and dismissed without prejudice in August 2026. *Vyazhevich v. Warden*, 3:26-cv-0641-WWB-SJH (M.D. Fla. 2026).

**Procedural History**

On August 3, 2026, petitioner, proceeding pro se, filed a petition for habeas corpus. ECF No. 1. On the following day, the court referred the matter to me. ECF No. 4. On August 14, 2026, respondent filed a declaration of a deportation officer and, the following day, filed a response to the petition. ECF Nos. 6 & 7. Petitioner filed a traverse on August 27, 2026. ECF No. 11. On September 29, 2026, I allowed respondent to submit a supplemental brief, which respondent filed on October 5, 2026. ECF Nos. 13 & 14.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. *See* 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner claims that his re-detention violates the Fifth Amendment.[1] ECF No. 1 at 6-11. Respondent counters that petitioner's detention remains constitutional under 8 U.S.C. § 1231.[2] ECF No. 7 at 4.

Under section 1231, a noncitizen with a final order of removal is subject to mandatory detention for ninety days. 8 U.S.C. §§ 1231(a)(1)(A), (2)(A). This time period is known as the removal period, and it typically begins on the date the order of removal becomes administratively final. *Id*. § 1231(a)(1)(B)(i). The removal period may be extended if a noncitizen "fails or refuses to make timely application in good faith for travel or other documents necessary" for removal. *Id*. § 1231(a)(1)(C). Where a noncitizen is not removed by the expiration of the removal period, they are ordinarily released on an order of supervision. *Id*. § 1231(a)(3). Some noncitizens, however, "may be detained beyond the removal period." *Id*. § 1231(a)(6).

In *Zadvydas*, the Supreme Court held that discretionary detention under section 1231(a)(6) is "presumptively reasonable" for up to six months, at which point the noncitizen may provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and the government "must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

Petitioner, who was re-detained in October 2025, has provided "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *See Zadvydas*, 533 U.S. at 701. Specifically, petitioner alleges that, in 2014, Russia declined to issue him a travel document on the purported basis that he is not a citizen of Russia. ECF No. 1 at 6.

---

[1] Petitioner's pro se filing is entitled to liberal construction. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Charan S. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-3017-TLN-JDP, 2026 WL 1144158, at *1 n. 1 (E.D. Cal. Apr. 28, 2026) (applying liberal construction to pro se immigration habeas filing).

[2] As an initial matter, respondent argues that the petition should be dismissed as successive and abusive in light of petitioner's then-pending action in the United States District Court for the Middle District of Florida. ECF No. 7 at 3. As noted, that action has since been dismissed without prejudice. *See Vyazhevich v. Warden*, 3:26-cv-0641-WWB-SJH, ECF No. 28 (M.D. Fla. Aug. 18, 2026). Consequently, I find that petitioner is not barred from bringing the present claims in the instant action.

Petitioner asserts that he is a citizen of the U.S.S.R., he was "brought into the United States as a child at [the] age of 8," and "both of his parents were from the U.S.S.R. and citizens of the U.S.S.R. and hold United States citizenship today." ECF No. 11 at 3. Petitioner further argues that the U.S.S.R. and Russia "are complete[ly] different countries and may not be considered the same country by any terms, laws, or its historic events." *Id*. As a result, petitioner alleges that he is "stateless." *Id*. at 4. Taken together, these uncontested allegations show "good reason to believe that there is no significant likelihood of [petitioner's] removal [to Russia] in the reasonably foreseeable future." *See Zadvydas*, 533 U.S. at 701.

Respondent fails to "respond with evidence sufficient to rebut" petitioner's showing. *See Zadvydas*, 533 U.S. at 701. In fact, respondent does not contest that there is no significant likelihood of removal in the reasonably foreseeable future. Rather, respondent argues that, because petitioner has refused to cooperate with obtaining a travel document from Russia, his detention is governed by section 1231(a)(1)(C), which, as noted, provides that the removal period may be extended beyond ninety days if a noncitizen "fails or refuses to make timely application in good faith for travel or other documents necessary" for removal. ECF No. 7 at 4. The Court of Appeals has held that, unlike indefinite detention under section 1231(a)(6) in *Zadvydas*, indefinite detention under 1231(a)(1)(C) is constitutional because a noncitizen "has the keys to his freedom and could likely effectuate his removal by providing the information requested by the [government]." *Pelich v. I.N.S.*, 329 F.3d 1057, 1060 (9th Cir. 2003) (cleaned up).

However, as another court in this District found, section 1231(a)(1)(C) cannot extend a removal period that expired long ago. *See V.R. v. U.S. Immigr. & Customs Enf't*, No. 1:26-cv-4279-MWJS, 2026 WL 1965908, at *6 (E.D. Cal. July 7, 2026). In *V.R.*, the removal period ended in 2011. *Id.* at *7. The court ordered supplemental briefing, and the government "concede[d] that it [was] 'not aware of any Ninth Circuit decision applying § 1231(a)(1)(C) where the triggering conduct occurred after the statutory removal period had already expired.'" *Id*. The court found that it was "likewise unaware of 'any case that applied § 1231(a)(1)(C) to permit re-detention following the expiration of the 90-day removal period established by § 1231(a)(2).'" *Id*. (quoting *Larose v. Blanche*, No. 26-cv-00423, 2026 WL 1346636, at *4 (D.

Nev. May 14, 2026)). Accordingly, the court held that it was improper to "interpret § 1231(a)(1)(C) as allowing the government effectively to revive a removal period that has already expired." *Id.*

I find *V.R.* persuasive. It is uncontested that petitioner's removal period expired in 2014. ECF No. 6-8. Consequently, petitioner's refusals to complete paperwork in 2026 cannot, as a matter of law, extend the removal period that had expired nearly twelve years prior. *See* ECF No. 6 at 6. I provided the government an opportunity to file a supplemental brief in light of *V.R.* and petitioner's removal period having already expired. ECF No. 13. In its supplemental brief, the government stated that it "maintains that extension applies here because Petitioner repeatedly refused to complete or sign travel-document forms." ECF No. 14 at 1. However, the government does not identify any case law supporting its assertion, and it otherwise does not argue that petitioner is still within the removal period. *See id.* As with the *V.R.* and *Larose* courts, I am unable to locate any case law establishing that the government may extend the removal period on the basis of a triggering event that occurs after the removal period has already expired. For all of these reasons, I find that petitioner's present detention cannot be authorized under section 1231(a)(1)(C) because his removal period expired in 2014.[3]

In its supplemental brief, respondent asserts that detention is proper under section 1231(a)(6), but it does not address the *Zadvydas* framework or otherwise show that there is a significant likelihood of removal in the reasonably foreseeable future. *See* ECF No. 14 at 2. As such, respondent has failed to rebut petitioner's showing, and it otherwise has not provided a lawful basis for petitioner's present detention.

Accordingly, petitioner's "continued detention is no longer authorized by statute," and petitioner should be released on the conditions under which he was previously released. *See Zadvydas*, 533 U.S. at 699.

---

[3] It also bears mention that, in 2014, Russia declined to issue a travel document for petitioner, apparently on the basis that petitioner is not a citizen of Russia. *See* ECF No. 11 at 3. In its supplemental brief, the government argues that "that historical episode does not control now." ECF No. 14 at 2. However, the government fails to explain Russia's previous refusal to issue a travel document or give the court any reason to find that, even if petitioner completed the paperwork, Russia would issue a travel document at this time.

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.
2. Respondent be ordered to immediately release petitioner (A-Number: 070-323-485) from its custody subject to the previously-imposed conditions of release, if any.
3. Respondent be ENJOINED AND RESTRAINED from re-detaining petitioner unless it obtains a travel document for his removal, if necessary, and follows all procedures set forth in 8 C.F.R. §§ 241.4(l), 241.13(i), and any other applicable statutory and regulatory procedures.
4. The Clerk of Court be directed to serve Central Valley Annex Detention Facility with a copy of this order.
5. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 9, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE